Edwin PALACIOS–SANTANA,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–70396.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 17, 2006.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**628**

MEMORANDUM **

Edwin Palacios–Santana, a native and citizen of Ecuador, petitions for review of the Board of Immigration Appeals' order adopting and affirming an Immigration Judge's ("IJ") order denying his application for withholding of removal, asylum, and protection under the Convention Against Torture ("CAT").

▉ We lack jurisdiction to review the IJ's determination that Palacios–Santana failed to file a timely asylum application and that no changed or extraordinary circumstances excused the untimely filing of his application. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1221–22 (9th Cir. 2005). Accordingly, we dismiss the petition as to his asylum claim.

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review Palacios–Santana's claim for withholding of removal. We review the IJ's decision for substantial evidence, a deferential standard under which it must be upheld unless the evidence compels a contrary result. *See Njuguna v. Ashcroft,* 374 F.3d 765, 769 (9th Cir.2004).

▉ As a preliminary matter, we reject the government's contention that Palacios–Santana has waived his withholding of removal claim. *See Ndom v. Ashcroft,* 384 F.3d 743, 750–51 (9th Cir.2004). On the merits, substantial evidence supports the IJ's decision that Palacios–Santana failed to establish that it is more likely than not that he will be persecuted if returned to Ecuador. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995); *see also Espinoza–Martinez v. INS,* 754 F.2d 1536, 1540 & n. 1 (9th Cir.1985) (rejecting petition where evidence of persecution was "too speculative and unreliable to infer that any poten-

tial persecution would be based upon petitioner's political beliefs"). Accordingly, we deny the petition as to his withholding of removal claim.

Because Palacios–Santana does not raise any arguments regarding the denial of his CAT claim, we decline to consider it here. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

